# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHLEEN GIER,

        Plaintiff,

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.

Case No. 07-1366-JTM

## MEMORANDUM AND ORDER

Presently before this court is plaintiff Kathleen Gier's (Gier's) petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 7). On August 6, 2007, the Administrative Law Judge (ALJ) determined that Gier was not disabled as defined in the Social Security Act (Act) and denied her application for benefits. For the following reasons, this court denies the appeal and affirms the decision of the ALJ.

### I. Background

This suit involves two applications made under the Act. The first is an application for disability insurance benefits (DIB) under Title II of the Act, 42 U.S.C. §§ 401 *et seq* (Tr. 95B-95D). The second is an application for supplemental security income benefits (SSI) based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Gier's applications were denied initially (Tr. 23, 45-49), and on reconsideration (Tr. 22, 36-41). After a hearing, ALJ Robert Burbank found that Gier was not disabled as defined in the Act. On September 26, 2007, the

Appeals Council of the Social Security Administration denied Gier's request for review, rendering the ALJ's decision final. Gier then timely filed a complaint with this court.

Gier claims that the record evidence shows that she suffers from impairments of such severity and duration as to constitute a disability within the meaning of the Social Security Act, which would entitle her to Social Security disability benefits. Specifically, she contends that the ALJ's lack of analysis regarding her treating physician was improper, and that the ALJ's credibility determination did not follow the regulations and did not properly account for her symptoms.

The medical evidence and hearing testimony are fully set out in the ALJ's decision, which is incorporated herein (Tr. 10-21). To summarize briefly, Gier claims that she became disabled on May 16, 2004, at age 46. The ALJ found that Gier had not engaged in substantial gainful activity since May 16, 2004, when her former employer, Heritage Nursing Home, terminated her employment non-voluntarily because she was abusive with an elderly resident. Gier previously worked as a nurse aide and car wash attendant, and claims that she suffers from the severe impairment of bilateral carpal tunnel syndrome.

The ALJ concluded that although Gier suffered from the severe impairment of bilateral carpal tunnel syndrome, she did not have an extreme limitation in the ability to perform fine and gross movements effectively. Further, he found that Gier did not have an impairment or combination of impairments that met or equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments. The ALJ also found that Gier's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely

credible.  Although determining that Gier could not perform past relevant work, the ALJ did find that Gier had the residual functional capacity (RFC) for:

> a range of light work with lifting or carrying 10 pounds frequently and 20 pounds occasionally, sitting about 6 hours in an 8 hour work day, standing or walking about 6 hours in an 8 hour work day with no climbing ladders, ropes or scaffolding and occasional climbing of ramps and stairs, avoid concentrated exposure to cold and vibration with occasional handling, fingering and feeling.

(Tr. 16).  The ALJ questioned a vocational expert (VE) at the administrative hearing, who found that Gier was able to perform work existing in significant numbers in the economy, including the jobs of counter clerk photo finisher, furniture rental consultant, usher, surveillance system monitor, and call out operator (Tr. 20).

## II.  Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record  and whether the ALJ applied the correct legal standard.  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion.  *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and

whether she can generally perform other work in the national economy. *Williams*, 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

### III. Analysis

In this case, Gier argues that the ALJ's decision regarding the RFC is not supported by substantial evidence. Further, Gier asserts that the ALJ invoked the improper credibility analysis by discounting her allegations regarding the intensity, persistence, and limiting effects of her symptoms. The Commissioner responded by arguing that the ALJ followed the proper analysis in considering her complaints, and that he properly considered Gier's credibility pursuant to the guidelines. Further, the Commissioner argues that the ALJ properly considered the nature of Gier's daily activities when evaluating her credibility.

The ALJ concluded that Gier could perform a significant number of light, unskilled occupations that exist in the national economy. Gier contends that he erred in not fully crediting her symptoms. Because the ALJ is "optimally positioned to observe and assess witness credibility," the court may only overturn an ALJ credibility determination when there is a conspicuous absence of credible evidence to support it. *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996). Further, "[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Rather, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first

prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id*. (citations omitted).

Based on that standard, this court does not find error in the ALJ's findings. He followed the proper analysis in consideration of Gier's complaints, and explicitly noted that Gier's reports regarding her daily activities conflicted with her statements at the administrative hearing regarding her ability to perform daily activities. He cited legitimate and sufficient rationales for discounting Gier's claims, and found that the medical evidence did not support her allegations. Further, the ALJ properly considered that Gier left her last job for reasons other than her alleged disability, namely that she was being abusive toward an elderly resident. A claimant's departure from work for reasons other than medical conditions is a significant factor for consideration. *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990).

Gier also claims that the ALJ failed to consider her obesity. However, he did acknowledge that Gier was overweight, but noted that the medical evidence did not support a finding of significant limitations. Further, no doctor who had treated or examined Gier found that she was disabled or seriously incapacitated. Nevertheless, Gier argues that this finding overlooked Dr. Brown's opinions, who treated Gier on three occasions prior to completing the physical RFC questionnaire. "The ALJ also may reject a treating physician's opinion if it is not well supported by clinical and/or laboratory diagnostic techniques or if it is inconsistent with other substantial evidence in the record." *Hayes v. Callahan*, 976 F. Supp. 1391, 1395 (D. Kan. 1997) (citations omitted). The ALJ considered Dr. Brown's opinions, but noted that while Dr. Brown had diagnosed Gier, he did not prescribe medication or recommend surgery or therapy. Further, the ALJ noted that the two disability statements which Dr. Brown completed were done

so that Gier would be eligible for a medical card.  Accordingly, the ALJ shifted his focus from Dr. Brown's reports to his treatment records, which did not indicate significant concerns.

Finally, Gier argues that the ALJ improperly formulated her RFC.  "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations."  *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir.2001) (citing 20 C.F.R. § 416.945(a), (b), (©).  The responsibility for determining Gier's residual functioning capacity rests with the ALJ or Appeals Council.  See 20 C.F.R.§§ 404.1546, 416, 946.  Gier's claim that the ALJ's RFC finding should be rejected due to the lack of citation to medical evidence is without merit because there is simply little medical evidence in the case.  However, the ALJ did examine the record and, based on the inconsistencies, determined which evidence was credible in determining the RFC.  Inconsistent evidence or contradictory statements constitute a legally sufficient reason for disbelieving the claimant's subjective complaints.  *See Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986).  As such, the ALJ properly considered the evidence, and there is certainly substantial evidence in the record to support his findings.

In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 23rd day of February, 2009, that the present appeal is hereby denied.

        s/ J. Thomas Marten  
        J. THOMAS MARTEN, JUDGE